**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| JOHN MCDOLE, ) | |
| ) | Case No.: 1:19-CV-01244-JES-JEH |
| Plaintiff, ) | |
| ) | **Jury Trial Demanded** |
| v. ) | |
| ) | |
| J. E. T., INC. OF SEARCY and ) | |
| BLAKE LERCHER, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

### COUNT I

COMES NOW Plaintiff, and for Count I of his First Amended Complaint against Defendant J. E. T., Inc. of Searcy, states as follows:

1. Plaintiff is a citizen of the State of Missouri because he is a citizen of the United States and domiciled within the State of Missouri.

2. The accident which is the subject of this lawsuit occurred on July 21, 2017 at the Pilot Truck Stop at 1522 West Market Street in Bloomington, Illinois.

3. Defendant J. E. T., Inc. of Searcy is an Arkansas corporation authorized to do business in the State of Illinois which operates an interstate trucking business.

4. Defendant J. E. T., Inc.'s principal place of business is in Searcy, Arkansas.

5. Defendant Lercher is a citizen of the State of Arkansas because he is a citizen of the United States and domiciled within the State of Arkansas.

6. Defendant J. E. T., Inc. is a citizen of the State of Arkansas because Defendant is incorporated in the State of Arkansas.

7. Defendant J. E. T., Inc. is also a citizen of the State of Arkansas because its principal place of business is in Arkansas.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and each Defendant and the amount in controversy exceeds $75,000.

9. Defendant Lercher was the driver of Defendant's tractor trailer which caused this accident, and was at all times the agent, servant, and employee of Defendant.

10. Defendant is responsible for the acts of his driver under the doctrine of Respondeat Superior.

11. At the time of the accident, Plaintiff was in the parking lot at the Pilot Truck Stop, where he was getting gas.

12. Plaintiff was with his daughter, L. M.

13. While Plaintiff was stopped in the parking lot, Defendant Lercher was moving in the parking lot in the fire lane next to Plaintiff's vehicle.

14. Defendant Lercher drove too close to Plaintiff's vehicle, and hit the door of Plaintiff's tractor, which was partially open because Plaintiff's daughter L. M. was climbing into the tractor.

15. When Defendant hit Plaintiff's tractor, and continued to travel in the fire lane, his actions cause Plaintiff's daughter L. M. to be pinned between the door and the body of the tractor.

16. In order to prevent his daughter from being crushed by the door, Plaintiff attempted to hold the door open with his arm and shoulder while the entire length of Defendant's trailer passed his vehicle.

17. The accident was the direct and proximate result of the carelessness and negligence

of Defendant in failing to exercise the requisite degree of care in the following respects:

    (a)    Defendant failed to keep a careful lookout;
    (b)    Defendant was traveling in an area where travel was prohibited;
    (c)    Defendant allowed his vehicle to come too close to Plaintiff's vehicle when he was passing Plaintiff's vehicle.

18. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff sustained traumatic and permanent injury to his right arm and shoulder, which included a labral tear, a partial-thickness biceps tendon tear, and capsular injury.

19. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff underwent shoulder surgery, and had an extensive recovery thereafter.

20. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff incurred medical bills, which presently total over $97,292 and may incur further medical bills in the future because of such injuries.

21. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff sustained lost wages.

22. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff sustained permanent injury to his right arm and shoulder and has permanent disability resulting from said injury.

WHEREFORE, Plaintiff prays for judgment against Defendant J. E. T., Inc. of Searcy in an amount that is fair and reasonable in excess of $75,000, for costs, for interest, and for such other and further relief as the Court deems just and proper.

## COUNT II

COMES NOW Plaintiff John McDole, and for Count II of his First Amended Complaint against Defendant Blake Lercher, states as follows:

1. Plaintiff realleges and incorporates herein by reference the allegations of Count I.

2. At all time relevant herein, Defendant Blake Lercher was the employee of Defendant J. E. T., Inc. of Searcy, and was acting in the course and scope of his employment.

WHEREFORE, Plaintiff prays for judgment against Defendant Blake Lercher for an amount that is fair and reasonable in excess of $75,000, for costs, for interest, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SAUTER SULLIVAN LLC**

By:/s/Matthew J. Sauter
   Matthew J. Sauter, #06217431
   Counsel for Plaintiff
   3415 Hampton Avenue
   St. Louis, MO 63139
   Telephone: (314) 768-6800
   Facsimile: (314) 781-2726
   E-mail: msauter@ss-law.net